UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

TRAVIS SCOTT JONES                                                                                         PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:24CV-P120-CRS

ARUTHUR MAGLINGER                                                                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff Travis Scott Jones filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial review.

### I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Eastern Kentucky Correctional Complex. His suit arises out of his previous incarceration at the Daviess County Detention Center (DCDC). He sues DCDC Jailer Art Maglinger in his official capacity only.

Plaintiff states, "On or about October 2018 while I was in the hole at the Daviess County Detention Center, there were several traumatic events that took place concerning my safety. It all began once word got out that had a sex case." Plaintiff continues as follows:

> First came all the threats of pursuing sexual acts against me. Showing me how they can manipulate the doors. They allowed the other inmates to exit there cells at any time. I told the officers I feared for my safety & explained the situation. They packed me up only to bring me right back. The officers let the other inmates ON CAMERA spray me with urine, spit on me and have trays thrown at me.

He states that he brought these issues up with officers multiple times but that the officers "laughed, said I deserve it or ignore me" and "encouraged the actions."

Plaintiff describes another incident when he was in the shower and officers "popped the other inmates door." He states that two inmates ran toward him saying "sexual remarks" and hit him with their fists. He asserts, "I was yelling and screaming for help. No one came but the yelling made the inmates retreat." Plaintiff states, "It took an actual physicall attack before the officers would finally remove me and replace me to a holding cell." He maintains that he "suffers from PTSD, my anxiety has increased imensly." He states, "I was supposed to be in protective custody and DCDC has it on record of me on paper and video getting jumped. This will place specific time placements."

As relief, Plaintiff seeks compensatory damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the

Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

#### A. *Claims against Maglinger*

Plaintiff sues Maglinger in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Maglinger is actually brought against his employer, Daviess County. *Id.* at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in

order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff's allegations pertain only to himself. He does not allege that any of the actions taken against him occurred pursuant to a policy or custom of Daviess County. Therefore, the complaint fails to state an official-capacity claim against Maglinger.

Moreover, even if Plaintiff had sued Maglinger in his individual capacity, the complaint contains no allegations against him. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismisal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent Plaintiff is suing Maglinger based on his supervisory role as the DCDC Jailer, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of*

*Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Accordingly, Plaintiff's claim against Maglinger must be dismissed for failure to state a claim upon which relief may be granted.

### B. *Futility of amendment*

Under *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), a district court may allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under § 1915A. Before doing so, the Court must first consider whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile.").

Allowing Plaintiff to amend the complaint to make specific allegations against any DCDC employees would be futile because the action is barred by the statute of limitations. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued."

Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In a recent published case, the Sixth Circuit stated, "The Supreme Court has explained that the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'" *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted)). "Put differently, this 'injury-occurrence' or 'occurrence' rule triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "[A]lthough the Supreme Court has presumptively followed what has been called an 'occurrence" rule for § 1983 claims, [Sixth Circuit] cases have presumptively followed a 'discovery' rule for those claims." *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, No. 24-3453, 2025 U.S. App. LEXIS 5374, at *15 (6th Cir. Mar. 7, 2025) (citing *Reguli*, 109 F.4th at 879). In *Reguli*, the Sixth Circuit acknowledged that some of its decisions have sent "mixed messages" regarding the discovery rule in § 1983 actions.[1] However, it concluded its analysis by stating that "[u]nder either approach to the discovery rule,

---

[1] The *Reguli* court explained that there were two lines of cases in the Sixth Circuit regarding the discovery rule–one line which holds that the statute of limitations begins to run when the plaintiff knows of the *injury* which forms the basis of his action and a second line which holds that the discovery rule starts the limitations period when the plaintiff knows, or should have known, of both his *injury* and the *cause* of that injury. *Id*. at 882-883.

our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim." *Id.* at 883.

Plaintiff states in the complaint that the events occurred while he was housed in DCDC in October 2018. He provides no other dates or gives any indication that any of the events occurred more recently. It is clear in this case that, whether the Court applies the "occurrence" rule or the "discovery" rule, Plaintiff's claims accrued in October 2018 when the alleged events occurred. The statute of limitations therefore expired in October 2019. The instant complaint was filed on October 21, 2024, approximately five years after the expiration of the limitations period. As such, the Court finds that it is obvious on the face of the complaint that Plaintiff's § 1983 claims are untimely. Therefore, the Court concludes it would be futile to allow Plaintiff to amend the complaint in this case.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:   March 19, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4411.010